# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

Shaidon Blake

Plaintiff/Petitioner - Appellant,

v.

Wallace, et. al.

Defendant/Respondent -
Appellee.

Case No. 22-3163

Appellant's Opening Brief

## NOTICE AND INSTRUCTIONS

If you proceed on appeal pro se, the court will accept a properly completed Form A-12 in lieu of a formal brief. This form is intended to guide you in presenting your appellate issues and arguments to the court. If you need more space, additional pages may be attached. A short statement of each issue presented for review should precede your argument. Citations to legal authority may also be included. This brief should fully set forth all of the arguments that you wish the court to consider in connection with this case.

New issues raised for the first time on appeal generally will not be considered. An appeal is not a retrial but rather a review of the proceedings in the district court. A copy of the completed form must be served on all opposing counsel and on all unrepresented parties and a proper certificate of service furnished to this court. A form certificate is attached.

# APPELLANT/PETITIONER'S OPENING BRIEF

1. **Statement of the Case.** (This should be a brief summary of the proceedings in the district court.) 1983 claiming excessive use of force, forced medication deliberate indifference.

2. **Statement of Facts Relevant to the Issues Presented for Review.**
Lower courts ruled failure to state a claim despite evidence to support all allegations. Exhibits exist to show the defendants all participated in a use of force to include forcing me into a restraint chair and me being injected with morphene and fantynol against my will. No disciplinary infraction was issued because I broke no rules. Record states I was medicated for pain. I never requested pain medication in fact I refused all medical services. I filed a grievance that was not only ignored, but burried which only intensified the attack on me by EDCF and KDOC staff.

3. Statement of Issues.

   a. First Issue: Excessive use of force unnecessary

   Argument and Authorities:

   8th amend. is violated when a use of force is performed without any violation of rule. The force used to strap a man in a restraint chair without reason or resistance constitutes a violation of the Constitution. Force and restraint chairs cannot be arbitrarily used, but only according to rules established in the General order included on record.

   b. Second Issue: forced medication

   Argument and Authorities:

   4th amend violation when I was forced to take morphiene and fentanyl when I refused all medical treatment. There is a policy for medical refusal on the record. The IMPP states even if its life threatening, all medical & staff can do is have the medical administrator counsel me on the dangers of the refusal and then I can be sent to a observation cell. Neither of which happened. A use of force was not one of the options on the rules. The General order included in the record only permits use of the restraint chair for unruly prisoners who are a threat. This was not the case and the use of the restraint chair was excessive and cruel.

   c. Third Issue: arbitrary and capricious acts

   Argument and Authority: Equal protection under the law is violated when the protections under the law are not afforded me. I have a absolute right to refuse any invasive medical procedure. This right was taken away in violation of my constitutional rights.

4. Do you think the district court applied the wrong law? If so, what law do you want applied? yes, 8th amend, 4th amend, Impp for medical refusal included on record, General order for use of restraint chair also included on record. 28 U.S.C. § 1915 A(a) applied wrong

5. Did the district court incorrectly decide the facts? If so, what facts? Dist courts ruled the allegations in the complaint do not overcome the presumption of validity, then refers to the martinez report prepared by defense, that report was fraudulent and I presented exhibits to show the defense committed fraud on the court in violation of rule 60(b)6. I've shown the entire Martinez report was false and intentionally deceptive.

6. Did the district court fail to consider important grounds for relief? If so, what grounds? The courts never considered the proven motive for these actions. retaliation due to me accessing the courts and filing grievances. I have administrations conclusion that misconduct was involved in handling my parole hearing which all stemed from this incident. The martinez report with held this fact, but I supplied the court with the exhibits.

7. Do you feel that there are any other reasons why the district court's judgment was wrong? If so, what? Because there's no dispute of facts. These things happened. a use of force was performed unjustified, I was medicated against my will, not with a life saving drug but one's that could hurt me. Then a report was generated falsely claiming I'm/was high on K2, coinsedentally its fentynol in K2, the same drug they gave me.

8) What action do you want this court to take in your case? reverse and remand with instructions to consider all facts. or rule in favor of plaintiffs after considering all exhibits and facts.

9. Do you think the court should hear oral argument in this case? If so, why? yes, important issues of constitutional magnitude can be cleared. The rules of whether the state has the right to force medicate and use force to do it is to ambiguas.

9-5-23
Date

Sheldon Bone
Signature

# CERTIFICATE OF SERVICE

I hereby certify that on __9-5-23__ I sent a copy of
(date)
the Appellant/Petitioner's Opening Brief to __John Russell Hicks,__
__Natasha M Carter__, at _____
(Opposing Party or Attorney)
_____, the last known address/email
address, by __Mail__.
(state method of service)

__9-5-23__  __[Signature]__
Date  Signature

# CERTIFICATE OF COMPLIANCE

I certify that the total number of pages I am submitting as my Appellant/Petitioner's Opening Brief is 30 pages or less or alternatively, if the total number of pages exceeds 30, I certify that I have counted the number of words and the total is _____, which is less than 13,000. I understand that if my Appellant/Petitioner's Opening Brief exceeds 13,000 words, my brief may be stricken and the appeal dismissed.

__9-5-23__  __[Signature]__
Date  Signature

Shaidon Blake #96323
EDCF PO Box 311
El Dorado, KS. 67042

United States Court of Appeals 10th Cir.
1823 Stout Street.
Denver, CO. 80257