## UNITED STATES DISTRICT COURT

OFFICE OF THE CLERK
DISTRICT OF KANSAS

259 ROBERT J. DOLE U.S. COURTHOUSE
500 STATE AVENUE
KANSAS CITY, KS 66101

**SKYLER B. O'HARA**
CLERK
E-MAIL: Skyler_OHara@ksd.uscourts.gov
(913) 735-2220

204 U.S.COURTHOUSE
401 N. MARKET
WICHITA, KS 67202

August 25, 2022

**KIM LEININGER**
CHIEF DEPUTY CLERK
E-MAIL: Kim_Leininger@ksd.uscourts.gov
(913) 735-2205

490 U.S.COURTHOUSE
444 NE QUINCY
TOPEKA, KS 66683

**SEE NOTICE OF ELECTRONIC FILING**

Pro Se Topeka or 2255 Appeal

RE:  Shaidon Blake v. (fnu) Wallace, et al.

District Court Case No.:   21-3046-SAC

Notice of Appeal filed by:  Shaidon Blake

Fee Status:                 Not Paid

     The following documents are for the parties in connection with the Notice of Appeal:
Notice of Appeal and Copy of the Docket Sheet.

     If you have any questions, please contact the Office of the Clerk of the U.S. Court of
Appeals in Denver, Colorado at (303)844-3157.

Sincerely,
SKYLER B. O'HARA
CLERK OF COURT

By: _s/S. Nielsen-Davis_____
Deputy Clerk

Cc: Clerk, U.S. Court of Appeals
    (Notice of Appeal, Docket Sheet, & Preliminary Record)

CLOSED,APPEAL,PLC4

# U.S. District Court
## DISTRICT OF KANSAS (Topeka)
## CIVIL DOCKET FOR CASE #: <u>5:21–cv–03046–SAC</u>

Blake (ID 96323) v. Wallace et al
Assigned to: District Judge Sam A. Crow
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/12/2021
Date Terminated: 08/17/2022
Jury Demand: None
Nature of Suit: 555 Habeas Corpus (Prison Condition)
Jurisdiction: Federal Question

**<u>Plaintiff</u>**

**Shaidon Blake**
*96323*

represented by **Shaidon Blake**
96323
EL DORADO Correctional Facility–Central
PO Box 311
El Dorado, KS 67042
Email: <u>KDOC_court_file_edcf@ks.gov</u>
PRO SE
*Bar Number:*
*Bar Status:*

V.

**<u>Defendant</u>**

**(fnu) Wallace**
*Sergeant/Unit Supervisor, El Dorado Correctional Facility*

represented by **Matthew Lee Shoger**
Office of Kansas Attorney General Derek Schmidt
Legal Services
120 SW 10th Avenue, 2nd Floor
Topeka, KS 66612
785–296–2215
Fax: 785–291–3767
Alternative Phone: 316–209–5135
Cell Phone: 316–209–5135
Email: <u>matt.shoger@ag.ks.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*
*Bar Status: Active*

**<u>Defendant</u>**

**(fnu) Gorman**
*Sergeant/Unit Supervisor, El Dorado Correctional Facility*

represented by **Matthew Lee Shoger**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 28151*

1

*Bar Status: Active*

**Defendant**

**(fnu) Chastain**                      represented by   **Matthew Lee Shoger**
*Sergeant/Unit Supervisor, El Dorado*                    (See above for address)
*Correctional Facility*                                  *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Number: 28151*
                                                         *Bar Status: Active*

**Defendant**

**Centurion Health Services**           represented by   **John Russell Hicks**
                                                         Norris Keplinger Hicks & Welder, LLC
                                                         11551 Ash Stree, Suite 200
                                                         Leawood, KS 66211
                                                         913–663–2000
                                                         Fax: 913–663–2006
                                                         Alternative Phone: 913–323–3184
                                                         Cell Phone:
                                                         Email: jh@nkfirm.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Number: 20474*
                                                         *Bar Status: Active*

                                                         **Samuel Patrick Bennett**
                                                         Norris Keplinger Hicks & Welder, LLC
                                                         11551 Ash Stree, Suite 200
                                                         Leawood, KS 66211
                                                         913–663–2000
                                                         Fax: 913–663–2006
                                                         Alternative Phone:
                                                         Cell Phone:
                                                         Email: sbennett@nkfirm.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Bar Number: 26695*
                                                         *Bar Status: Active*

**Defendant**

**Christian (lnu)**
*Nurse, El Dorado Correctional Facility*

**Interested Party**

**Kansas Department of Corrections**    represented by   **Jocilyn Oyler**
                                                         State of Kansas Department of Corrections
                                                         714 SW Jackson Street, Suite 300
                                                         Topeka, KS 66603
                                                         785–940–1124
                                                         Alternative Phone:

2

Cell Phone:
Email: jocilyn.oyler1@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 22229*
*Bar Status: Active*

**Natasha M. Carter**
Kansas Department of Corrections
714 SW Jackson Street, Suite 300
Topeka, KS 66603
785–506–7615
Alternative Phone:
Cell Phone:
Email: natasha.carter@ks.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Number: 26074*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/12/2021 | 1 | | COMPLAINT filed by Plaintiff Shaidon Blake. (Attachments: # 1 Envelope) (smnd) (Entered: 02/12/2021) |
| 02/12/2021 | 2 | | MOTION for Leave to Proceed in forma pauperis by Plaintiff Shaidon Blake. (Attachments: # 1 Inmate Account Statement) (smnd) (Entered: 02/12/2021) |
| 02/12/2021 | | | DOCKET ANNOTATION: Notice sent to Plaintiff Shaidon Blake stating he is incarcerated in a facility with mandatory electronic filing and should follow instructions available at the facility for transmitting pleadings electronically to the court. (smnd) (Entered: 02/12/2021) |
| 02/16/2021 | 3 | | ORDER ENTERED: Plaintiff's motion for leave to proceed without prepayment of fees 2 is granted because plaintiff's trust fund account statement shows that he has insufficient funds to pay an initial partial filing fee. Notwithstanding this grant of leave, plaintiff is required to pay the full amount of the filing fee and is hereby assessed $350.00. Plaintiff is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of plaintiff shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid. 28 U.S.C. § 1915(b)(2). The clerk is to transmit a copy of this order to plaintiff, to the finance office at the institution where plaintiff is currently confined, and to the court's finance office. Entered by U.S. Senior District Judge Sam A. Crow on 02/16/21. Mailed to pro se party Shaidon Blake by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 02/16/2021) |
| 09/09/2021 | 4 | | MEMORANDUM AND ORDER TO SHOW CAUSE ENTERED: Plaintiff is granted to and including October 8, 2021, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated |

| | | | |
|---|---|---|---|
| | | | herein. Signed by U.S. Senior District Judge Sam A. Crow on 9/9/2021. Mailed to pro se party Shaidon Blake by regular mail. (jal) (Entered: 09/09/2021) |
| 09/22/2021 | 5 | | RESPONSE re 4 Memorandum and Order to Show Cause by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibits A–M) (smnd) (Entered: 09/22/2021) |
| 01/28/2022 | 6 | | REQUEST (titled Motion) for Status Update by Plaintiff Shaidon Blake; current docket sheet mailed to Plaintiff Blake. (smnd) (Entered: 01/28/2022) |
| 02/03/2022 | 7 | | MEMORANDUM AND ORDER ENTERED: The Clerk of Court shall serve Defendants under the e–service pilot program in effect with the Kansas Department of Corrections ("KDOC"). Upon the electronic filing of the Waiver of Service Executed pursuant to the e–service program, KDOC shall have sixty (60) days to prepare the Martinez Report. Officials responsible for the operation of the EDCF are directed to undertake a review of the subject matter of the Complaint. Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the Martinez Report. Upon the filing of that report, KDOC may move for termination from this action. Signed by U.S. Senior District Judge Sam A. Crow on 02/03/22. Mailed to pro se party Shaidon Blake and Defendants by regular mail; e–mailed to Attorney General for the State of Kansas. (smnd) (Entered: 02/03/2022) |
| 02/03/2022 | 8 | | SERVICE ORDER ENTERED: The Clerk of the Court shall notify the Kansas Attorney General ("AG") and the KDOC of this Service Order. The Court requests that Defendants waive formal service of process. The AG and/or the KDOC shall have thirty (30) days from entry of this Service Order to file a Waiver of Service Executed and/or a Waiver of Service Unexecuted. Upon the electronic filing of the Waiver of Service Executed, KDOC shall have sixty (60) days to prepare a report pursuant to Martinez v. Aaron. In those cases where a Waiver of Service Unexecuted is filed, the KDOC shall have ten (10) days from the filing of the Waiver of Service Unexecuted, to supply the Clerk of Court with the last known forwarding addresses for former employees, said addresses to be placed under seal and used only for the purpose of attempting to effect service of process. Signed by U.S. Senior District Judge Sam A. Crow on 02/03/22.Mailed to pro se party Shaidon Blake by regular mail. (smnd) (Entered: 02/03/2022) |
| 02/03/2022 | 9 | | ORDER ENTERED: The court directs the Clerk of the Court to prepare and issue a waiver of service form for defendant Centurion Health Services pursuant to Fed.R.Civ.P. 4(d) to be served upon defendant at no cost to plaintiff. Entered by U.S. Senior District Judge Sam A. Crow on 02/03/22. Mailed to pro se party Shaidon Blake by regular mail. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 02/03/2022) |
| 02/03/2022 | | | WAIVER OF SERVICE OF SUMMONS ISSUED as to Defendant Centurion Health Services. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (smnd) (Entered: 02/03/2022) |
| 02/28/2022 | 10 | | WAIVER of the Service of Summons by Defendant Centurion Health Services. (Hicks, John) (Entered: 02/28/2022) |
| 02/28/2022 | 11 | | ENTRY OF APPEARANCE by John Russell Hicks on behalf of Centurion Health Services. (Hicks, John) (Entered: 02/28/2022) |

| 02/28/2022 | 12 | | ENTRY OF APPEARANCE by Samuel Patrick Bennett on behalf of Centurion Health Services. (Bennett, Samuel) (Entered: 02/28/2022) |
| 03/02/2022 | 13 | | WAIVER OF SERVICE Returned Executed by Centurion Health Services. Centurion Health Services waiver sent on 2/3/2022, answer due 4/4/2022. (Bennett, Samuel) (Entered: 03/02/2022) |
| 03/02/2022 | 14 | | WAIVER OF SERVICE Returned Executed – Prisoner Case by (fnu) Chastain, (fnu) Gorman, (fnu) Wallace. (fnu) Chastain waiver sent on 3/2/2022, answer due 5/2/2022; (fnu) Gorman waiver sent on 3/2/2022, answer due 5/2/2022; (fnu) Wallace waiver sent on 3/2/2022, answer due 5/2/2022. (Depew, Dennis) (Entered: 03/02/2022) |
| 03/09/2022 | 15 | | ORDER ENTERED: The deadlines contained in Doc. 13 and Doc. 14 are rescinded. No answer or motion addressed to the Complaint shall be filed until so ordered by the Court. Signed by U.S. Senior District Judge Sam A. Crow on 03/09/22. Mailed to pro se party Shaidon Blake by regular mail. (smnd) (Entered: 03/09/2022) |
| 04/07/2022 | 16 | | MOTION to Amend 1 Complaint by Plaintiff Shaidon Blake. (smnd) (Entered: 04/07/2022) |
| 04/26/2022 | 17 | | SUPPLEMENT to 16 MOTION to Amend Complaint by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibit) (smnd) (Entered: 04/26/2022) |
| 04/27/2022 | 18 | | ORDER ENTERED: Plaintiff's motion to amend complaint (Doc. 16 ) is denied. Signed by U.S. Senior District Judge Sam A. Crow on 04/27/22. Mailed to pro se party Shaidon Blake by regular mail. (smnd) (Entered: 04/27/2022) |
| 05/19/2022 | 19 | | MOTION for Summary Judgment by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibits 1–13) (smnd) (Entered: 05/19/2022) |
| 05/20/2022 | 20 | | SUPPLEMENT to 19 MOTION for Summary Judgment by Plaintiff Shaidon Blake. (smnd) (Entered: 05/20/2022) |
| 05/20/2022 | 21 | | MOTION for Extension of Time to File Martinez Report by Interested Party Kansas Department of Corrections. (Oyler, Jocilyn) Modified text to clarify motion on 5/23/2022. (smnd) (Entered: 05/20/2022) |
| 05/23/2022 | 22 | | RESPONSE by Plaintiff Shaidon Blake re 21 Motion for Extension of Time to File Martinez Report. (smnd) (Entered: 05/23/2022) |
| 05/23/2022 | 23 | | SUPPLEMENT to 19 MOTION for Summary Judgment by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibits 3–7) (smnd) (Entered: 05/23/2022) |
| 05/26/2022 | 24 | | ORDER ENTERED: Interested Party KDOC's Motion for Extension of Time to File Martinez Report (Doc. 21 ) is granted. The deadline for KDOC to file a Martinez Report is June 19, 2022. Signed by U.S. Senior District Judge Sam A. Crow on 05/26/22. Mailed to pro se party Shaidon Blake by regular mail. (smnd) (Entered: 05/26/2022) |
| 06/01/2022 | 25 | | MOTION for Reconsideration re 24 Order on Motion for Extension of Time by Plaintiff Shaidon Blake. (smnd) (Entered: 06/01/2022) |
| 06/03/2022 | 26 | | MOTION to Correct the Record and Renewed Objection to Defense Extension re 24 Order by Plaintiff Shaidon Blake. (smnd) (Entered: 06/03/2022) |

| 06/10/2022 | 27 | | ORDER ENTERED: Plaintiff's Motion for Summary Judgment (Doc. 19 ) is denied without prejudice. Plaintiff's Motion for Reconsideration (Doc. 25 ) is denied. Plaintiff's Motion to Correct the Record and Renewed Objection to Defense Extension (Doc. 26 ) is denied. Signed by U.S. Senior District Judge Sam A. Crow on 06/10/22. Mailed to pro se party Shaidon Blake by regular mail. (smnd) (Entered: 06/10/2022) |
| 06/21/2022 | 28 | | MARTINEZ REPORT by Interested Party Kansas Department of Corrections re 1 Complaint. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Oyler, Jocilyn) (Entered: 06/21/2022) |
| 06/24/2022 | 29 | | MOTION for Summary Judgment or MOTION for Default Judgment by Plaintiff Shaidon Blake. (smnd) (Entered: 06/24/2022) |
| 06/30/2022 | 30 | | RESPONSE to 28 Martinez Report by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibit List and Exhibits) (smnd) (Entered: 06/30/2022) |
| 07/06/2022 | 31 | | MOTION FOR LEAVE to File Exhibit F (CD) Conventionally by Interested Party Kansas Department of Corrections (Oyler, Jocilyn) (Entered: 07/06/2022) |
| 07/08/2022 | 32 | | ORDER ENTERED: The KDOC's Motion for Leave to File Exhibit Conventionally (Doc. 31 ) is granted. Exhibit F to the Martinez Report shall be filed conventionally. Signed by U.S. Senior District Judge Sam A. Crow on 7/8/2022. Mailed to pro se party Shaidon Blake by regular mail. (jal) (Entered: 07/08/2022) |
| 07/12/2022 | 33 | | RESPONSE by Defendants (fnu) Chastain, (fnu) Gorman, (fnu) Wallace re 29 Motion for Summary Judgment, Motion for Default Judgment (Shoger, Matthew) (Entered: 07/12/2022) |
| 07/12/2022 | 34 | | CONVENTIONALLY FILED EXHIBIT (Exhibit F) IN SUPPORT of 28 Martinez Report, received in KC clerk's office. Two DVDs received; one copy will be maintained in Topeka clerk's office and one copy provided to SAC chambers. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (heo) (Entered: 07/12/2022) |
| 07/13/2022 | 35 | | ENTRY OF APPEARANCE by Matthew Lee Shoger on behalf of (fnu) Chastain, (fnu) Gorman, (fnu) Wallace (Shoger, Matthew) (Entered: 07/13/2022) |
| 07/15/2022 | 36 | | MOTION to Compel Discovery and Documents (titled Request for Discovery/Request for Documents) by Plaintiff Shaidon Blake. (smnd) (Entered: 07/15/2022) |
| 07/18/2022 | 37 | | RESPONSE by Defendant Centurion Health Services re 29 Motion for Summary Judgment, Motion for Default Judgment *of Plaintiff* (Hicks, John) (Entered: 07/18/2022) |
| 07/22/2022 | 38 | | MOTION to Supplement Exhibits re: 30 Response to Martinez Report by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibit ZZ) (smnd) (Additional attachment(s) added on 7/25/2022: # 2 Exhibit ZZ) (smnd). (Entered: 07/22/2022) |
| 07/25/2022 | 39 | | DOCKET ANNOTATION: The pdf document attached to the original filing of 38 MOTION to Supplement Exhibits has been blocked from public view; the correct document has been added to that entry and is attached to this annotation |

| | | | |
|---|---|---|---|
| | | | for noticing purposes only. (smnd) (Entered: 07/25/2022) |
| 07/25/2022 | 40 | | SECOND MOTION to Supplement Exhibits re: 30 Response to Martinez Report by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibit ZZ) (smnd) (Entered: 07/25/2022) |
| 07/29/2022 | 41 | | RESPONSE by Defendants (fnu) Chastain, (fnu) Gorman, (fnu) Wallace re 36 Motion to Compel (Attachments: # 1 Affidavit of Craig Brewer)(Shoger, Matthew) (Entered: 07/29/2022) |
| 08/01/2022 | 42 | | AFFIDAVIT of Truth by Plaintiff Shaidon Blake. (smnd) (Entered: 08/01/2022) |
| 08/04/2022 | 43 | | REPLY TO RESPONSE TO MOTION by Plaintiff Shaidon Blake re: 36 Motion to Compel Discovery and Documents. (smnd) (Entered: 08/04/2022) |
| 08/09/2022 | 44 | | NOTICE OF SUPPLEMENTAL AUTHORITY by (fnu) Chastain, (fnu) Gorman, (fnu) Wallace re: MOTION to Compel 36 filed by Plaintiff Shaidon Blake (Shoger, Matthew) (Entered: 08/09/2022) |
| 08/17/2022 | 45 | | MEMORANDUM AND ORDER ENTERED: This matter is dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Summary Judgment/Default (Doc. 29 ) is denied. Plaintiff's Request for Discovery/Request for Exhibits (Doc. 36 ) is denied as moot. Plaintiff's Motion to Supplement Exhibits (Doc. 38 ) and Second Motion to Supplement with Exhibit (Doc. 40 ) are granted. Exhibit ZZ (Doc. 38–1) shall be filed as an exhibit to Doc. 30 . Signed by U.S. Senior District Judge Sam A. Crow on 8/17/2022. Mailed to pro se party Shaidon Blake by regular mail. (jal) (Entered: 08/17/2022) |
| 08/17/2022 | 46 | | EXHIBIT ZZ IN SUPPORT of 30 Response by Plaintiff Shaidon Blake. (jal) (Entered: 08/17/2022) |
| 08/17/2022 | 47 | | JUDGMENT ENTERED re 45 Memorandum and Order dismissing this matter. Signed by deputy clerk on 8/17/2022. Mailed to pro se party Shaidon Blake by regular mail. (jal) (Entered: 08/17/2022) |
| 08/25/2022 | 48 | | NOTICE OF APPEAL as to 45 Memorandum and Order and 47 Judgment by Plaintiff Shaidon Blake. (Attachments: # 1 Exhibits, # 2 Envelope, # 3 Transmittal Letter) (smnd) (Entered: 08/25/2022) |
| 08/25/2022 | | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal – Final Judgment 48 on behalf of Plaintiff Shaidon Blake. (THIS IS A TEXT ONLY ENTRY–NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION.) (smnd) (Entered: 08/25/2022) |

Clerk of Court        2022 AUG 25 AM 10: 29  8-19-22

I am requesting a appeal of judgement with
review of Judge Sam Crow of Kansas District Court
for abuse of discretion.

Your Honor dismissed this case for failure to state a
claim, not for being frivilous or malicious. This dismissal
is unjust because of the detailed facts layed out. Ive
requested counsel and was denied but the facts speak
for themselves. Your court reversed Judge Crows
dismissal for failure to state a claim but your court
saw different once the appeal was considered.
The Ends of Justice requires this case to be reversed
reopened and reviewed. I am indigent and proceeded
in forma pauperis, but have paid court fees in payments.

Respectfully submitted,
Shaiden Blake 96323
EDCF Po Box 311
El Dorado, Ks. 67042

Case 5:21-cv-03046-SAC Document 49-1 Filed 08/25/22 Page 9 of 27
Case 5:21-cv-03046-SAC Document 47 Filed 08/17/22 Page 1 of 1
Appellate Case: 22-3163   Document: 010110730066   Date Filed: 08/25/2022   Page: 10

# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Shaidon Blake,**

**Plaintiff,**

v.

Case No. 21-3046-SAC

**(fnu) Wallace, (fnu) Gorman, (fnu) Chastain,
Centurion Health Services, Christian (lnu),**

**Defendants.**

## JUDGMENT IN A CIVIL CASE

( )   **JURY VERDICT.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

(x)   **DECISION BY THE COURT.** This action came before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that this matter is dismissed for failure to state a claim upon which relief may be granted.

Entered on the docket 8/17/2022

Dated: **August 17, 2022**            SKYLER B. O'HARA
                                      CLERK OF THE DISTRICT COURT


                                      s/J. Lolley
                                      **Deputy Clerk**

## Orders on Motions

5:21-cv-03046-SAC Blake (ID 96323) v. Wallace et al

PLC4

# U.S. District Court

# DISTRICT OF KANSAS

## Notice of Electronic Filing

The following transaction was entered on 8/17/2022 at 12:04 PM CDT and filed on 8/17/2022

**Case Name:** Blake (ID 96323) v. Wallace et al
**Case Number:** 5:21-cv-03046-SAC
**Filer:**
**Document Number:** 45

**Docket Text:**
**MEMORANDUM AND ORDER ENTERED: This matter is dismissed for failure to state a claim upon which relief may be granted. Plaintiff's Motion for Summary Judgment/Default (Doc. [29]) is denied. Plaintiff's Request for Discovery/Request for Exhibits (Doc. [36]) is denied as moot. Plaintiff's Motion to Supplement Exhibits (Doc. [38]) and Second Motion to Supplement with Exhibit (Doc. [40]) are granted. Exhibit ZZ (Doc. 38-1) shall be filed as an exhibit to Doc. [30]. Signed by U.S. Senior District Judge Sam A. Crow on 8/17/2022. Mailed to pro se party Shaidon Blake by regular mail. (jal)**

**5:21-cv-03046-SAC Notice has been electronically mailed to:**

John Russell Hicks     jh@nkfirm.com

Natasha M. Carter     natasha.carter@ks.gov, Julie.Horosko@ks.gov

Samuel Patrick Bennett     sbennett@nkfirm.com

Matthew Lee Shoger     matt.shoger@ag.ks.gov, Connie.deckard@ag.ks.gov, Donna.wells@ag.ks.gov, chelsea.zamora@ag.ks.gov

Jocilyn Oyler     jocilyn.oyler1@ks.gov, Julie.Horosko@ks.gov, christina.taylor@ks.gov

Appellate Case: 22-3163    Document: 010110730066    Date Filed: 08/25/2022    Page: 12

Shaidon Blake #96323
EDCf Po Box 311
EL Dorado, KS, 67042

Scanned by
US Marshal

Hasler    FIRST-CLASS MAIL
08/22/2022
US POSTAGE $000.57º

ZIP 67042
011E11682219

Clerk of Court
US. District Court of Appeals 10th Cir
1823 Stout St.
Denver, Co, 80257

### UNITED STATES COURT OF APPEALS
### TENTH CIRCUIT
Office of the Clerk
Byron White United States Courthouse
Denver, Colorado 80257
(303) 844-3157

Christopher M. Wolpert                                           Jane K. Castro
Clerk of Court                                              Chief Deputy Clerk

August 25, 2022

Skyler O'Hara, Clerk
United States District Court
District of Kansas - Topeka
490 United States Courthouse
444 S.E. Quincy
Topeka, KS 66683

Via email

Re:     5:21-CV-03046, Blake v. Wallace

Dear Clerk:

Enclosed please find a misdirected notice of appeal filed by Shaidon Blake. In order for your court to take the appropriate steps to provide us with the preliminary record in this matter, the document is being sent to you so it can be properly filed as of August 25, 2022. *See* Fed. R. App. P. 4(d).

Please contact this office if you have questions.

Very truly yours,

CHRISTOPHER M. WOLPERT, Clerk

CMW/klp

cc: Shaidon Blake

*revised 6/01*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


SHAIDON BLAKE,

                              Plaintiff,

              v.                                          CASE NO. 21-3046-SAC

(FNU) WALLACE, et al.,

                              Defendants.


## MEMORANDUM AND ORDER

This civil rights case is before the Court for screening after the submission of a *Martinez* Report.  Plaintiff alleges that his constitutional rights were violated while he was housed at the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas.  After reviewing the *Martinez* Report filed by officials of the EDCF and Plaintiff's responses to the Report, the Court finds that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted under § 1983 for the same reasons outlined in the Court's order to show cause (Doc. 4). Those reasons are explained again below, with references to the Report and Plaintiff's responses.

**I.  Nature of the Matter before the Court**

Plaintiff's Complaint alleges that he was forced into a restraint chair and given injections of morphine and fentanyl when he refused to be transferred to a hospital after EDCF staff determined that he may have been having a stroke.  Plaintiff claims this violated his right to refuse medical treatment and was an excessive use of force.

Plaintiff names as defendants Sergeant Wallace, Sergeant Gorman, Sergeant Chastain, Nurse Christian, and Centurion Health Services. He seeks compensatory and punitive damages, as well as unspecified injunctive relief.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson,* 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The Complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it

innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

Plaintiff's Complaint is dismissed for the following reasons.

### A. Failure to State a Claim

The Complaint fails to state a claim for violation of Plaintiff's constitutional rights. Plaintiff claims he was sedated and forced to go to the hospital when Defendant Christian suspected he was having a stroke. He alleges violation of his Fourteenth and Eighth Amendment rights. [1]

#### *Fourteenth Amendment*

Plaintiff states "the law protects me from being forced to receive any invasive medical procedure." Doc. 1, at 6. Essentially, he claims Defendants violated his liberty interest in rejecting unwanted medical treatment.

"[T]he proper standard for determining the validity of a prison regulation claimed to infringe on an inmate's constitutional rights is to ask whether the regulation is reasonably related to legitimate penological interests." *Washington v. Harper*, 494 U.S. 210, 223 (1990). Thus, "prison officials may compel a prisoner to accept treatment when [they], in the exercise of professional judgment, deem it necessary to carry out valid medical or penological objectives." *Lowry v. Honeycutt*, 211 F. App'x 709, 712 (10th Cir. 2007) (unpublished opinion). Here, the defendants had legitimate medical objectives for requiring Plaintiff to go to the hospital for

---

[1] Plaintiff also alleges violation of his Fourth Amendment rights. However, the Supreme Court has held that the Fourth Amendment governs "pretrial deprivations of liberty." *Albright v. Oliver*, 510 U.S. 266, 274 (1994). Therefore, it is not applicable to Plaintiff's claims.

evaluation.  Corrections officials are required to provide prisoners with adequate medical care.  As stated by Plaintiff, "corrections staff w/ Nurse Christian made the decision to force [Plaintiff] to go to the hospital off site . . . based on their observation, not by request from [Plaintiff].  They said I looked like I was experiencing a stroke."  Doc. 1, at 4.  Even though Plaintiff disagreed with that assessment, "the judgment of prison authorities will be presumed valid unless it is shown to be such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." *Lowry*, 211 F. App'x at 712.   The allegations contained in the Complaint do not overcome that presumption of validity, and nothing in the *Martinez* Report or Plaintiff's responses casts anything more than speculative, unsupported doubt on the defendants' motives or the validity of their objectives.

To the contrary, the video recording submitted as an exhibit to the Report shows all EDCF personnel behaving calmly and respectfully, even kindly, toward Plaintiff.  Defendant Chastain and Nurse Christian repeatedly explained to Plaintiff why they were sending him to the hospital and reassured him that it was for assessment and he would not have to stay at the hospital if he was okay.

Plaintiff responds to the Report by arguing that Defendants had a retaliatory motive for forcing him to go to the hospital for further assessment of his condition.  As explained above, the Report provides no support Plaintiff's assertion that the defendants had anything other than a valid medical objective for their actions.  Plaintiff refers to allegations, incidents, and grievances which have been the subject of past lawsuits to attempt to demonstrate an improper motive on Defendants' behalf.  The Court does not find his argument persuasive.

Plaintiff also asserts that because his life was not in danger, the defendants had to get his consent to provide medical treatment and he did not consent. This argument is only possible in hindsight. At the time, the defendants did not know that Plaintiff's life was not in danger. They made an assessment based on what they saw, and the fact that the assessment may have been wrong has no bearing on their motives or their justification for providing Plaintiff with medical treatment.

### Eighth Amendment

Plaintiff alleges the violation of his Eighth Amendment rights. He questions the medical judgment made by Defendant Christian, and he alleges corrections officers used excessive force in effectuating that judgment.

### Medical Care

The Eighth Amendment guarantees a prisoner the right to be free from cruel and unusual punishments. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Boyett v. County of Washington*, 282 F. App'x 667, 672 (10th Cir. 2008) (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz*, 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005).

Plaintiff does not demonstrate any improper motive for Nurse Christian's medical judgment or the actions of corrections staff in implementing Christian's decision to send Plaintiff to the hospital. His allegations do not establish the deliberate indifference required for an Eighth

Amendment claim.  Even if Plaintiff could establish that Nurse Christian's assessment of him was so flawed that it rose to the level of medical malpractice, a negligent diagnosis "fail[s] to establish the requisite culpable state of mind."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle*, 429 U.S. at 106–07; *Handy v. Price*, 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *Ledoux v. Davies*, 961 F.2d 1536 (10th Cir. 1992) (Plaintiff's contention that he was denied treatment by a specialist is insufficient to establish a constitutional violation.); *El'Amin v. Pearce*, 750 F.2d 829, 833 (10th Cir. 1984)(A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.).   As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle*, 429 U.S. at 105–06 (footnote omitted).  Here, Plaintiff disagrees with Defendant Christian's diagnosis that he may have suffered a stroke.  A difference of opinion between a medical provider and a patient does not give rise to a constitutional right or sustain a claim under § 1983.  *Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968).

The *Martinez* Report describes the events as follows. Defendant Gorman was escorting the medication pass in Plaintiff's cellhouse. When they arrived at Plaintiff's cell, Gorman observed Plaintiff behaving strangely. He had been yelling but began to speak quietly and in a slurred manner. Plaintiff reported that he had some pressure in his chest and did not feel well. His face was drooping, and he was having difficulty keeping his balance. Plaintiff's cellmate helped him sit on the toilet while Gorman called Nurse Christian. (*See* Doc. 28-3, at 3; Incident Report completed by Gorman.) Christian observed Plaintiff and decided she needed to assess him further. Plaintiff was escorted to the cellhouse clinic room. Christian contacted the on-call physician, Dr. Wilnaur, and they determined that Plaintiff should go to the emergency room for evaluation. (Doc. 28-3, at 9; 9/2/20 email of Laura Christian.) According to statements made during the video recording of the incident, Plaintiff has a history of heart problems, a suspected stroke about a year before this incident, and other medical and psychological issues.

In response to the Report, Plaintiff continues to disagree with Christian's assessment of him. He argues that he could speak, and his continuing verbal abuse would be "physically impossible" for someone having a stroke. He alleges that his blood pressure was normal, and the doctor at the emergency room immediately said Plaintiff had not suffered a stroke. This is no more than a disagreement about a diagnosis. As explained above, a disagreement over diagnosis or treatment does not support a finding that Plaintiff's constitutional rights were violated. Plaintiff's Eighth Amendment claim for constitutionally inadequate medical care is dismissed.

***Excessive Force***

As for Plaintiff's allegation of excessive force, a prison guard's use of force against an inmate is "cruel and unusual" only if it involves "the unnecessary and wanton infliction of pain." *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "[A]n excessive force claim involves two prongs:

8

(1) an objective prong that asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and (2) a subjective prong under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Giron v. Corr. Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999). "An official has a culpable state of mind if he uses force 'maliciously and sadistically for the very purpose of causing harm,' rather than 'in a good faith effort to maintain or restore discipline.'" *Redmond v. Crowther*, 882 F.3d 927, 936–37 (10th Cir. 2018) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

Setting aside the question of whether the use of force Plaintiff alleges was objectively harmful enough to rise to the level of a constitutional violation, Plaintiff clearly fails to establish the subjective prong of an excessive force claim. The prison officials used force to carry out Defendant Christian's medical judgment that Plaintiff should go to the hospital to be evaluated for a stroke. Plaintiff's allegations do not support a finding that force was used maliciously or sadistically or was intended to cause harm to Plaintiff.

Nothing in the Report indicates otherwise. The video shows that Plaintiff was agitated and verbally aggressive. The video also shows all EDCF personnel behaving calmly and respectfully toward Plaintiff. Defendant Chastain and Nurse Christian repeatedly explained to Plaintiff why they were sending him to the hospital and reassured him that it was for assessment and he would not have to stay at the hospital if he was okay. As opposed to forcing him into the restraint chair, the officers assisted him. Plaintiff appeared upset and expressed anxiety initially about someone coming to "f___ him up," then about going to the hospital and about needles in general. He also appeared to be in pain as he was assisted to the chair and at other points. He repeatedly verbally confronted the person recording the incident about a joke he apparently told at some point in the past that Plaintiff found to be racist. The video also shows that it was the Emergency Medical

9

Technicians (EMTs), not EDCF personnel, who administered pain medication to Plaintiff prior to moving him from the restraint chair to the gurney in apparent response to Plaintiff's anxiety and pain.

Plaintiff argues that he was not combative, only verbally aggressive, so the use of force (the restraint chair) was not justified under the KDOC's policy. However, KDOC's policy does not provide the standard for a constitutional violation. The standard is whether a defendant used force "maliciously and sadistically for the very purpose of causing harm." Nothing in the Complaint, the Report, or Plaintiff's response provides any support for such a finding. Plaintiff fails to state a claim for the infliction of excessive force under the Eighth Amendment.

## B. Defendants

Plaintiff fails to allege the personal participation of two of the named defendants. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

In describing the incident, Plaintiff refers to Defendants Christian and Wallace. Otherwise, he mentions "corrections staff", "the defendants", and "officers." He does not refer to any actions

or involvement of Defendants Gorman or Chastain. While he describes them as "unit supervisor[s]", an official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, <u>423 U.S. 362, 371</u> (1976); *Duffield v. Jackson*, <u>545 F.3d 1234, 1239</u> (10th Cir. 2008); *Gagan v. Norton*, <u>35 F.3d 1473, 1476</u> n.4 (10th Cir. 1994), *cert. denied*, <u>513 U.S. 1183</u> (1995). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. *Meade v. Grubbs*, <u>841 F.2d 1512, 1528</u> (10th Cir. 1988). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, <u>523 F.3d 1147, 1162</u> (10th Cir. 2008).

Plaintiff also names Centurion Health Services as a defendant. Assuming without deciding that Centurion is a state actor, a corporation acting under color of state law can be held liable under § 1983 only for unconstitutional policies and practices. It cannot be held liable under the doctrine of respondeat superior for the individual actions of its employees. *Fischer v. Cahill*, <u>474 F.2d 991, 992</u> (3d Cir. 1973) (state prison medical department not a "person" under § 1983); *Green v. Rubenstein*, <u>644 F. Supp. 2d 723, 738</u> (S.D. W.Va. 2009); *Dudley v. Food Service-Just Care*, <u>519 F. Supp. 2d 602, 604</u> (D.S.C. 2007). Plaintiff has made no allegation about any policy of Centurion. He appears to have named Centurion solely because Defendant Christian is a Centurion employee.

For these reasons, Plaintiff fails to state a claim against Defendants Gorman, Chastain, or Centurion.

## VI. Plaintiff's Pending Motions

### A. Motion for Summary Judgment/Default (Doc. 29)

This is Plaintiff's second Motion for Summary Judgment. The motion has the same basis as the first motion: Plaintiff argues that the defendants failed to comply with the deadline to file the *Martinez* Report. The first motion was denied because the order states, "No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared." (Doc. 7.) The Report had not been filed at the time of Plaintiff's motion and has now been filed. Therefore, Plaintiff's motion is denied.

The Court again points out that it ordered KDOC to prepare the *Martinez* Report, and KDOC is not a defendant to this action but rather merely an interested party. Hence, the Court declines to attribute KDOC's missed deadline to Defendants.

Plaintiff also argues that the defendants were ordered to interview him as part of the *Martinez* Report, and they have not done so. That is incorrect. KDOC (not the defendants) was authorized to interview him but not ordered to do so. Plaintiff has repeatedly and effectively made his view and recollection of events known to the Court and the defendants through his filings.

### B. Request for Discovery/Request for Exhibits (Doc. 36)

Plaintiff asks for a copy of the DVD containing the recording of the incident (Doc. 34). He states that he has also not viewed the DVD.

Defendants filed a response to Plaintiff's motion (Doc. 41). The response states that Plaintiff viewed the DVD on July 21, 2022, and is able to view the video again upon written request. Doc. 41, at 2.

The Court denies the motion as moot since Plaintiff has viewed the DVD and has the ability to view it again.  To the extent Plaintiff's motion may be construed as requesting that the DVD (Doc. 34) be unsealed, his request is denied.

### C.  Motion to Supplement Exhibits (Doc. 38) and Second Motion to Supplement with Exhibit (Doc. 40)

Plaintiff asks to supplement his response to the *Martinez* Report by adding an exhibit.  The exhibit consists of more than 70 pages and includes motions and orders from this case, notices of electronic filing from this case, disciplinary hearing documentation for incidents unrelated to the events of that are the subject of this Complaint, documents and filings from two of Plaintiff's other civil rights actions (Case Nos. 21-cv-3176-SAC and 18-cv-3146-EFM-GEB), and emails between KDOC and Maryland Department of Corrections officials related to Plaintiff's classification status.  Plaintiff argues that this exhibit "substantiates plaintiff's claims of retaliation and bolsters the credibility of the claims of excessive use of force."  Doc. 38, at 1.

The Court has considered the motions and reviewed the exhibit.  Plaintiff does not raise a separate claim of retaliation in his Complaint.  However, he has raised retaliatory motive in connection with the subjective prong of the excessive force analysis.  As explained above, the Court does not find his argument to be persuasive.  He has not pointed to anything specific demonstrating that, *in this instance*, the defendants had a culpable state of mind, i.e., that force was used "maliciously and sadistically for the very purpose of causing harm."  *Redmond*, 882 F.3d at 936–37.

To the extent Plaintiff's motions are requesting that Exhibit ZZ be considered by the Court and added to his response (Doc. 30) to the *Martinez* Report, they are granted.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment/Default (Doc. 29) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Discovery/Request for Exhibits (Doc. 36) is **denied** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Exhibits (Doc. 38) and Second Motion to Supplement with Exhibit (Doc. 40) are **granted**.  Exhibit ZZ (Doc. 38-1) shall be filed as an exhibit to Doc. 30.

**IT IS SO ORDERED.**

DATED:  This 17th day of August, 2022, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**Shaidon Blake,**

          **Plaintiff,**

**v.**                                                  **Case No. 21-3046-SAC**

**(fnu) Wallace, (fnu) Gorman, (fnu) Chastain,**
**Centurion Health Services, Christian (lnu),**

          **Defendants.**

## JUDGMENT IN A CIVIL CASE

**( )**    **JURY VERDICT.**  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

**(x)**    **DECISION BY THE COURT.**  This action came before the Court.  The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that this matter is dismissed for failure to state a claim upon which relief may be granted.

Entered on the docket 8/17/2022

**Dated:  August 17, 2022**             **SKYLER B. O'HARA**
                                      **CLERK OF THE DISTRICT COURT**


                                      **s/J. Lolley**_____
                                      **Deputy Clerk**